United States District Court
Southern District of Texas
**ENTERED**
July 19, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| BLACK LIVES MATTER, | § § | |
| Petitioner, | § | MISCELLANEOUS ACTION |
| VS. | § § | NO. 3:17-MC-003 |
| DONALD JOHN TRUMP SR., | § § | |
| Respondent. | § § | |

## MEMORANDUM AND ORDER

Pending before the Court are Plaintiff's Application to Proceed In Forma Pauperis (Dkt. 1), and Motion for "Cease and Desist Order", TRO "Temporary Restraining Order" "Preliminary Injunction" and "Order to Show Cause" (Dkt. 5).

Although the name written on the case information sheet is "Black Lives Matter," that document and other documents filed in this case show that the Plaintiff here is "Pro Se Plaintiff Slave Negro Louis Charles Hamilton II," *i.e.*, Louis Charles Hamilton II. As this Court has previously noted, Hamilton is the Plaintiff in numerous other lawsuits he has filed within in the Southern District of Texas, several of which have been dismissed as frivolous. *See Order of Dismissal, Dkt. 45, Hamilton v. Magnus-Lawson, 4:10-cv-220; Memorandum and Opinion, Dkt. 4, Hamilton v. Johnson, 4:12-cv-1122; Memorandum and Order, Dkt. 4, Hamilton v. Trump, 3:16-mc-00016.* Hamilton brings this current lawsuit against "Donald John Trump Sr. 45[th] President United States of America," on behalf of, *inter alia*, approximately fifty black celebrities (living and dead), 42.7 million Negro slaves, the British Empire, and several sovereign countries. Although difficult to

decipher, Hamilton's pleadings appear to complain of actions he alleges that President Trump, the Trump family members, and various Trump-related foundations have taken with respect to Russia, Cuba, and the tax laws of the United States of America. Hamilton has raised similar allegations in other lawsuits. *See, e.g., Hamilton v. Trump*, 3:16-mc-0006.

Courts should liberally construe pro se actions, which, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Santos v. Holder*, Civil Action No. H-11-0546, 2011 WL 901842, at *2 (S.D. Tex. Mar. 13, 2011) (quoting *Erickson v. Pardus,* 551 U.S. 89, 94 (2007)). However, courts must dismiss a pro se action filed in forma pauperis upon determination that "the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous "if it lacks an arguable basis in law or fact." *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). After thoroughly reviewing—and liberally construing—the Plaintiff's pleadings, the Court can find no valid legal interest as alleged by the Plaintiff. The claims therefore lack an arguable basis in law. Accordingly, this case is subject to dismissal as legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

Based on the foregoing, the Court **ORDERS**:

1. Plaintiff's motion for leave to proceed in forma pauperis (Dkt. 1) is **GRANTED**.

2. Plaintiff's Motion for "Cease and Desist Order", TRO "Temporary Restraining Order" "Preliminary Injunction" and "Order to Show Cause" (Dkt. 5) is **DENIED**.

3. This case is hereby **DISMISSED with prejudice** as frivolous.

4. This is a **Final Judgment**.

5. The Clerk shall provide a copy of this Order to the parties and shall mail a copy of this Order to Plaintiff.

SIGNED at Galveston, Texas, July 19           2017.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE